# SUPERIOR COURT OF BALTIMORE CITY.

Filed December 3, 1910.

HORWITZ ET AL., RECEIVERS,
VS.
FIRST NATIONAL BANK,
YORK, PA.

*William Shepard Bryan, Jr.,* for plaintiffs.

*Thomas Hughes, Frank E. Welsh, Jr., Oscar Wolff* and *C. F. Morrow* for defendant.

**HARLAN, J.—**

This case is before the court upon a demurrer to the declaration. The objections made to the declaration are:

1st. That it states conclusions of law.

2nd. That it does not allege that the company of which the plaintiffs were appointed receivers, and of which the defendant is an alleged stockholder, is a safe deposit, trust, guaranty, loan or fidelity company or association, such companies only being subject to the stockholders' liability which is sought to be enforced herein.

3rd. That the defendant, First National Bank, York, Pa., is not subject to the stockholders' liability because under the Federal Statutes governing National Banks the act of the defendant in acquiring its stock was ultra vires.

4th. That the Act of 1904, Chapter 101, under which the receivers are proceeding, is unconstitutional as to stockholders who own stock acquired prior to the passage thereof.

Taking up these objections in order. 1st. The objection that the narr. states conclusions of law does not seem to me to be well taken. The narr. does not state the evidence, but this is not necessary. It does state the ultimate facts which are to be proven, and the plaintiff is sufficiently advised by its allegations as to the character of the proof to be offered.

2nd. The second objection is answered by the charter of the company, which is set forth in extenso in the narr., and from this it appears that a safe deposit and trust company was created.

3rd. As to the objection that the defendant being a National Bank is not subject to the stockholders' liability.

An examination of the cases relied on in support of this objection, California Bank vs. Kennedy, 167 U. S. 362, and First National Bank vs. Connors, 200 U. S. 438, shows that there are instances where national banks may lawfully become stockholders in other corporations, and as such subject to stockholders' liability.

There is certainly no presumption of law that the defendant acquired its stock by an ultra vires act, and if the defendant relies upon the fact that it acquired its stock by an act ultra vires and without authority of law, it should make this defense by plea containing appropriate allegations.

4th. As to the unconstitutionality of the Act of 1904, Chapter 101, under which the plaintiffs are proceeding. The contention is that this act is void as to stockholders in corporations existing at the time of its passage, who had acquired their stock prior thereto, because it violates the clause of the Federal Constitution which forbids any State to pass any law impairing the obligation of contracts.

The change made in the prior law of stockholders' liability by the General Assembly at the session of 1904 in enacting Chapters 104 and 337 of the acts of that session was examined by me in the opinion filed in this case heretofore upon the motion to strike out the demand for a bill of particulars.

The contract, the obligation of which it is claimed was impaired by the change in the law, was the contract of the stockholder made in acquiring stock in the corporation. Undoubtedly when the defendant acquired its stock it became subject to the obligation which the law providing for the creation and regulation of corporations of the character of that involved in this suit imposed upon stockholders in favor of creditors. The obligation is not strictly a term of the contract, but it is contractual in nature and is within the protection of the Federal Constitution to the extent that it cannot be increased by future legislation. So far, however, as legislation which preserving the rights of existing creditors, as to future creditors, diminishes the stockholders' liability, and for its more efficient and equitable enforcement, changes the method of procedure or the remedy through which the liability is to be enforced, I am of the opinion that this is not an impairment of any existing contract obligation. This was, in my judgment, the effect of the legislation above referred to. See Bernheimer vs. Converse, 206 U. S. 506.

Demurrer overruled.